395 So.2d 742 (1981)
STATE of Louisiana
v.
Robert E. FORSHEE.
No. 80-KA-2075.
Supreme Court of Louisiana.
March 2, 1981.
William J. Guste. Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Claude R. Sledge, Public Defender, for defendant-appellant.
MARCUS, Justice.[*]
Robert Erbie Forshee and Tyrone Ellis Cutrer were jointly charged by bill of information *743 with separate counts of (1) possession with intent to distribute marijuana and (2) possession with intent to distribute preludin in violation of La.R.S. 40:967. Both offenses were alleged to have occurred on the same day (July 16, 1979). At arraignment defendants entered pleas of not guilty. Thereafter, Cutrer's motion for severance was granted[1] and Forshee withdrew his former plea of not guilty of possession with intent to distribute preludin and entered a plea of guilty to that count of the charge. The state recommended that the court accept the plea and that the sentence be "no more than five years." The court accepted the guilty plea after determining that it was made voluntarily and with an understanding of the nature of the charge. After a presentence investigation and sentencing hearing, the trial judge sentenced defendant to serve three years at hard labor and to pay a fine of $7,500, or in default thereof, to serve an additional year at hard labor. On appeal, defendant relies on two assignments of error for reversal of his sentence.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in failing to follow the sentencing guidelines set forth in La.Code Crim.P. art. 894.1[2] and in imposing an excessive sentence.
The record reflects that on the evening of July 16, 1979, defendant and Cutrer, his distant cousin, offered to sell one preludin pill to an informer. Upon receiving this information, a deputy sheriff went to the scene and found Cutrer and defendant sitting in a van in a church parking lot in Many, Louisiana.[3] Defendant was sitting in the driver's seat. He advised defendant that he was suspected of having in his possession a controlled dangerous substance and asked for permission to search the vehicle. Defendant gave his consent and after *744 a search was made, the officers found one plastic prescription bottle with the name removed containing what was later confirmed to be nineteen preludin pills[4] and a two-ounce lid of marijuana on the front center console of the vehicle. Defendant and his companion were arrested and charged with the offense set forth above.
At the sentencing hearing, Shelton Brown, the probation officer who conducted the presentence investigation, Hauley E. Forshee, defendant's father, and defendant testified. Their testimony revealed that defendant was 22 years of age and resided in Belle Chasse, Louisiana. He graduated from high school at age 18 and was considered an average student with no evidence of disciplinary problems. After graduation, defendant was a truck driver for a local company for about a year. He attended Alabama Aviation Technical College in Ozark, Alabama, as an aircraft mechanic student for a year and then returned to Belle Chasse where he worked first as a bartender and later as a truck driver. From October 1979 until the time of the hearing, defendant had been a working student at the Pan-Air Corporation at the Lakefront Airport in Belle Chasse, training as an assistant aircraft mechanic. He had three more months to complete his training and become certified.
Defendant had no prior juvenile or adult record for arrests and/or convictions except for certain traffic violations. Probation officer Brown stated that he found defendant to be very cooperative upon questioning. He concluded that defendant would make a good probation risk given his educational background, employment history and lack of a criminal record. Defendant's father described defendant as an "ideal son" who did not associate with criminal types and whose involvement with drugs was in his opinion a one-time occurrence. Defendant himself testified that on the night he was arrested, he had been drinking at a party and had "gotten out of character." He stated that a girlfriend had left the bottle of pills in his van. He further stated that he realized the seriousness of the offense, and if placed on probation, he would not engage in further criminal activity.
The trial judge, following the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 and articulating for the record the considerations taken into account and the factual basis therefor, concluded that the seriousness of the offense and the undue risk that, during a probationary period defendant would commit another crime, warranted the imposition of imprisonment. He considered defendant's testimony to the effect that the drugs belonged to someone else to imply that defendant had not yet come to grips with his guilt. The trial judge also found defendant's employment record unstable. Moreover, he was of the opinion that defendant's conduct of distributing "mindboggling and bending" drugs both caused and threatened serious harm to others. Although he conceded that defendant had no prior record and that incarceration would impose an undue hardship since defendant would most likely lose his job, the trial judge nonetheless considered a sentence of imprisonment to be appropriate.
La.Const. Art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Jacobs, 383 So.2d 342 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of an abuse of his discretion. *745 State v. Jacobs, supra; State v. Spencer, supra; State v. Sepulvado, supra.
Our review of the record convinces us that the sentence imposed in the instant case is excessive. Although the trial judge complied with the sentencing guidelines of art. 894.1 by stating for the record his reasons for imposing sentence, we nonetheless find that he erred in concluding that based upon the presentence report and the testimony adduced at the sentencing hearing, the sentence imposed was warranted. First, we feel that the trial judge erred in concluding that there was an "undue risk" that defendant would commit another crime were his sentence suspended and defendant placed on probation. Given the fact that this was his first criminal offense and considering the testimony of the witnesses describing defendant as a law-abiding citizen lacking a propensity to behave in a criminal manner or associate with criminal types, we find no factual basis in the record for concluding that defendant would be a poor probation risk. Moreover, we consider the trial judge erred in reasoning that defendant had not yet come to grips with his guilt because he contended that the pills found in his possession belonged to someone else. To the contrary, we think defendant's testimony clearly reflects that he was aware of his wrong-doing and would not engage in such behavior in the future. His explanation of the ownership of the pills was not intended to shift the blame for his conduct but rather to explain how they came into his possession. Finally, we believe that the trial judge erred in finding that defendant had an unstable employment record. Considering the fact that defendant was only 22 years of age and had been working both during and between periods of attending technical college, we consider defendant's employment record similar to that of most young men of his age who, in order to financially support themselves, combine employment and the pursuit of higher education.
In addition, while the penalty provision of the violated statute permits a fine up to $15,000, we are inclined to believe that a fine of $7,500 under the circumstances of this case is also excessive.
In sum, we conclude that the trial judge abused his discretion in imposing the sentence in the instant case. Based on the foregoing reasons, we are convinced that the sentence imposed is excessive. Accordingly, we must vacate defendant's sentence and remand the case to the trial court for resentencing.

DECREE
For the reasons assigned, the conviction is affirmed but the sentence imposed is vacated and set aside, and the case is remanded to the district court for resentencing in accordance with the views expressed herein.
LEMMON, J., concurs and assigns reasons.
COLE, Justice Ad Hoc, respectfully dissenting.
The sentence being well within statutory limits, does not demonstrate an abuse of the wide discretion vested in the trial judge, nor do I consider the punishment as excessive within the contemplation of La.Const. Art. 1, Section 20.
LEMMON, Justice, concurring.
The articulation by the trial judge revealed that he reached unfounded conclusions from the facts considered in imposing sentence. Since the sentence was apparently severe, the unfounded conclusions must be pointed out and the case remanded for resentencing in the light of appropriate considerations.
NOTES
[*] Judges Frederick S. Ellis, Luther F. Cole and J. Louis Watkins, Jr. of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Watson and Lemmon.
[1] According to the presentence investigation report, it was learned from the district attorney's office that Cutrer would not be prosecuted, as Forshee was "taking the blame for the material being in his vehicle."
[2] La.Code Crim.P. art. 894.1 provides:

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[3] Although defendant resides in Belle Chasse, Louisiana, he was staying in his family's camp near Many, Louisiana, while on vacation.
[4] Preludin is an amphetamine prescribed by medical doctors for weight loss.