430 So.2d 1336 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Laval Duke VALLARE, Defendant-Appellant.
No. CR 82-677.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*1337 Alvin King, Lake Charles, for defendantappellant.
Leonard K. Knapp, Jr., Dist. Atty., Charles Richard, F. Wayne Frey, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
DOMENGEAUX, Judge.[*]
Defendant, Laval Duke Vallare, was charged by a Bill of Information with one count of simple burglary and one count of theft of an amount more than $500.00 (i.e., felony theft), violations of La.R.S. 14:62 and 14:67, respectively. On September 7, 1982, defendant pleaded guilty to both charges and was sentenced to five years on the simple burglary charge and to two years on the theft charge, with the sentences to run concurrently. Defendant seeks review of the sentences imposed.
The defendant presents two assignments of error,[1] to-wit: The trial court erred in imposing an excessive sentence in violation of Article 1, Section 20 of the Louisiana Constitution, and the trial court erred by failing to follow the sentencing guidelines provided in La.C.Cr.P. Article 894.1. For the sake of clarity, both assignments have been joined into one discussed herein.
*1338 The Supreme Court has held that the imposition of a sentence, even though within the statutory limits, may violate a defendant's right under the Louisiana Constitution against excessive punishment that is enforceable on appellate review of his conviction. La. Const. Art. 1, § 20;[2]State v. Sepulvado, 367 So.2d 762 (La.1979). Sepulvado also stated that the trial court must articulate specific reasons for an apparently severe sentence in relation to the particular offender and the actual offense. As stated by the Supreme Court, the trial court's reasons for imposing sentence, as required by La.C.Cr.P. Article 894.1, are an essential aid to a reviewing Court when examining a sentence for excessiveness. State v. Russell, 397 So.2d 1319 (La.1981).
However, a trial court's failure to strictly comply with the provisions of La.C. Cr.P. Article 894.1 does not automatically render a sentence invalid. The Supreme Court in State v. Lanclos, 419 So.2d 475 (La.1982), stated in regard to the guidelines set forth in La.C.Cr.P. Article 894.1:
"However, the trial judge's failure to comply with Article 894.1 does not automatically render a sentence invalid. This court has held that although Article 894.1 provides useful guidelines for the determination of the nature and length of a sentence, compliance with its provisions is not an end in itself. State v. Wimberly, 414 So.2d 666 (La.1982). Article 894.1 is intended to provide an impartial set of guidelines within which the trial judge's sentencing discretion may be exercised. State v. Price, 403 So.2d 660 (La.1981); State v. Douglas, 389 So.2d 1263 (La. 1980). Compliance with Article 894.1 further provides a record which is detailed enough to allow for a reasoned review of allegedly excessive sentences. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed this court has held that remand is unnecessary, even where there has not been full compliance with Article 894.1. State v. Boatright, 406 So.2d 163 (La. 1981); State v. McDonald, 404 So.2d 889 (La.1981); State v. Martin, 400 So.2d 1063 (La.1981); State v. Douglas, supra."
In this appeal, the record reflects that after inquiring into the nature of the theft involved, the trial judge accepted the sentence recommendation made by the State, and then sentenced the defendant accordingly. The record does not reflect any consideration given to the sentencing guidelines listed in Article 894.1. In State v. Wimberly, supra, the Supreme Court discussed the rationale behind the seemingly inconsistent application of the requirement that before imposing sentence the trial judge must consider the sentencing guidelines enumerated in Article 894.1, stating:
"We have not as yet acted under our supervisory, administrative or rule making powers to require that sentencing judges state basic facts and reasons in every case. In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit....
Our decision in such a case represents a finding of a substantial possibility that the sentence is excessive and not a final judgment that it is invalid." (Emphasis added).
Therefore, the issue becomes whether, in the opinion of this Court, there is a substantial possibility that the defendant's sentence of five years imprisonment *1339 for the crime of simple burglary, and two years imprisonment for the crime of theft is excessive. A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355 (La.1980). In determining whether the penalty is grossly disproportionate, the Court must consider "... the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum penalty for simple burglary is a fine of $2,000.00, imprisonment, with or without hard labor, for not more than twelve years, or both. La.R.S. 14:62. The maximum penalty for theft when the taking amounts to a value of $500.00 or more is ten years imprisonment, with or without hard labor, or a fine of $3,000.00 or both. La.R.S. 14:67.
In the case at bar, a pre-sentencing investigation report was not ordered. When the defendant pleaded guilty, counsel for the State briefly summarized the facts, stating that the defendant and others had broken into a flea market and stolen several items. As defendant was leaving the scene of the crime, he was intercepted by the police and then confessed. At the hearing on September 7, 1982, defendant unequivocally acknowledged his guilt as to both charges. As a result of the plea bargain, the State nol prossed another charge pending against the defendant, and recommended a sentence of five years on the simple burglary charge and a sentence of two years on the charge of theft, with the sentences to run concurrently. This recommendation was accepted by the trial judge, who sentenced defendant accordingly.
The trial judge apparently used the plea bargain entered into by the defendant and the State in order to guide his determination of the sentence to be imposed. The Supreme Court has upheld sentences which were based in part on the effects of a plea bargain. State v. Lanclos, supra; State v. Washington, 414 So.2d 313 (La.1982). The defendant in this case obtained a significant reduction of potential exposure to imprisonment through the use of plea bargaining, particularly when considering the fact that the State nol prossed a third charge pending against the defendant and that the Judge allowed the defendant's sentences to run concurrently rather than consecutively.
The sentences imposed in this case are well within the statutory limits. We do not consider the penalties to be so disproportionate to the severity of the crimes involved as to shock our sense of justice, and thus we are unable to find any "substantial possibility" under the facts of this case that the sentences are excessive. While all of the facts were not contested in this case due to the defendant's guilty plea, we are unable to say that the trial judge abused his discretion in imposing these sentences upon the defendant, based upon our careful consideration of the record and the nature of the crimes involved.
For the above and foregoing reasons, the sentence and conviction imposed by the trial judge are affirmed.
AFFIRMED.
DOMENGEAUX, Judge, concurring.
In a recent case which I authored, State of Louisiana v. Ricky Wayne Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), I also filed a concurring opinion expressing my own views to the effect that our new constitution does not provide for nor mandate review of sentences, contrary to the pronouncements in the case of State v. Sepulvado, 367 So.2d 762 (La.1979).
Considering the hue and cry of the bench and bar, the media, and the general public over the problem of crowded dockets and court delays at all levels of the Judiciary, both State and Federal, I find it noteworthy to mention that since the Louisiana *1340 Third Circuit Court of Appeal commenced considering criminal appeals in July of 1982, 52.7% of those appeals included excessive sentences as an assignment of error. Furthermore, in 19% of the cases appealed, excessiveness of sentence, sometimes coupled with complaints of failure of the trial judge to adequately articulate the sentencing guidelines provided for in La.C.Cr.P. Article 894.1 was the sole issue put forth for our consideration.
Those figures make it evident, at least in our Court, and, presumably in the other appellate courts in this State, that an inordinate amount of judicial time and effort is being spent in reviewing sentences, thus fettering any possibility of relieving our overburdened dockets.
NOTES
[*] For reasons stated therein, the author of this opinion has also filed a concurring opinion.
[1] Assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Lemoine, 403 So.2d 1230 (La.1981). Therefore, defendant's third assignment of error filed in this case is not discussed.
[2] La. Const. Art. 1 § 20 provides:

"No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."