LABORDE, Judge.
Defendant, Fannie Mae Smith Hicks, pleaded guilty to attempted distribution of marijuana in violation of LSA-R.S. 40:966 A(l) and 14:27. She was sentenced to serve five (5) years at hard labor, the maximum penalty. We find this sentence to be excessive and accordingly vacate and remand for resentencing in accordance with the law.
FACTS
Defendant is twenty-five (25) years old, single and the mother of two (2) children. She was arrested after selling a small amount of marijuana to an undercover police officer for $35, at a public restaurant. Defendant was charged by bill of information with distribution of a controlled dangerous substance (marijuana). LSA-R.S. 40:966 A(l). Pursuant to a plea bargain, she pleaded guilty to a lesser charge of attempted distribution of marijuana. LSA-R.S. 40:966 and 14:27. Following a presen-tence investigation, the trial court sentenced defendant to five (5) years at hard labor, the maximum penalty for the offense.[1]
ISSUES
Defendant now appeals on the basis of three (3) assignments of error, which place at issue the trial judge’s compliance with the sentencing guidelines of C.Cr.P. art. 894.1 and the excessiveness of the imposed maximum sentence.
APPLICABLE LAW
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be reviewed on appeal and found to be excessive under certain circumstances. State v. Jones, 398 So.2d 1049 (La.1981). We recognize that sentences must be individualized to be compatible with the particular offender, as well as the offense. This is theoretically accomplished by the trial judge’s consideration of the various criteria and sentencing guidelines in LSA-C.Cr.P. art. 894.-1.
The record contains articulated reasons by the trial judge for imprisonment which reflect specific consideration of the three criteria under paragraph A of LSA-C.Cr.P. art. 894.1. The trial judge likewise reviewed the mitigating and applicable provisions of paragraph B of the article and stated that only subsection eleven (11) was worthy of consideration in the defendant’s case. Nonetheless, he held that this mitigating consideration did not override the necessity for imprisonment.
We hold that the trial judge adequately stated for the record the considerations of *66 paragraph A and B of LSA-C.Cr.P. art. 894.1 and the factual basis for imposing sentence in compliance with paragraph C. Accordingly, defendant’s assignments of error nos. 1 and 2, which allege non-compliance by the trial court with the sentencing guidelines of article 894.1, are without merit.
Louisiana Constitution, article 1, section 20 prohibits the imposition of excessive punishment. Although within the statutory limit, a maximum sentence may, in certain instances, violate a defendant’s constitutional' right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
We agree with defendant’s allegations in assignment of error no. 3, that a five (5) year, maximum sentence, is excessive in this instance. The reasons articulated by the trial judge at sentencing do not adequately support the imposition of a maximum penalty, although we agree that incarceration is appropriate in this instance. Our review of recent drug cases convinces us that a five-year maximum imprisonment penalty for the first drug offense of attempted distribution of marijuana is excessive. State v. Rachal, 428 So.2d 805 (La.1983); State v. Jones, supra; State v. Grey, 408 So.2d 1239 (La.1982); State v. Bing, 410 So.2d 227 (La.1982); compare, State v. Fergus, 418 So.2d 594 (La.1982), cert. denied, 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 954 (1983). In finding this sentence excessive, we specifically do not hold ‘ that five (5) years imprisonment at hard labor is, on its face, an excessive sentence for attempted distribution of marijuana. The defendant is twenty-five (25) years old and the mother of two (2) small children. Her criminal record reveals one prior violation of a parish ordinance forbidding the sale of alcohol on Sunday. She is not a prior felony or drug offender. In State v. Tilley, 400 So.2d 1363 (La.1981), the Louisiana Supreme Court stated:
“When a small-time end man receives the same sentence as a large scale drug wholesaler, the sentences are not individualized to fit the particular defendant and the offense.”
We agree that incarceration is appropriately within the discretion of the trial court in these instances. However, the punishment for a first-time drug offender, who sells a small portion of marijuana and pleads guilty to a lessor attempt charge, does not warrant a maximum sentence of five (5) years. Such punishment is grossly out of proportion to the crime and its circumstances. The sentence makes no measurable contribution to acceptable goals of punishment and hence, is nothing more than purposeless and needless imposition of prolonged pain and suffering. Therefore, a five (5) year sentence, in this instance, is an abuse of the trial court’s discretion and constitutes excessive punishment. Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).
The defendant’s guilty plea has not been attacked in this appeal, and its validity is not before us.
Accordingly, defendant’s conviction is affirmed, but her sentence is vacated and the case is remanded to the trial court for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.

. The maximum penalty for distribution of a controlled dangerous subject, namely, marijuana is imprisonment at hard labor for nor more than ten (10) years and a fine of not more than 115,000. LSA-R.S. 40:966[B](2). The maximum penalty for an attempt charge of this violation is one-half (½) of the largest fine and/or term of imprisonment, or both. LSA-R.S. 14:27.