457 So.2d 1280 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Marvin RAINWATER, Defendant-Appellant.
No. CR83-835.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*1281 Herman Mouton, Lake Charles, for defendant-appellant.
Marvin Rainwater, in pro. per.
Leonard Knapp, Jr., Dist. Atty., Robert R. Bryant, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
CUTRER, Judge.
The defendant, Marvin Rainwater, was charged by bill of information with one count of simple burglary (LSA-R.S. 14:62) and with three counts of simple burglary of an inhabited dwelling (LSA-R.S. 14:62.2). He initially pled not guilty to the four charges and requested a jury trial. During the voir dire of the potential jurors, the defendant changed his plea to guilty to all four counts. These pleas were accepted by the trial judge, after he informed the defendant of the rights he was waiving by pleading guilty and after he determined that the defendant's waiver and pleas were given voluntarily and knowingly. After the appropriate delays, the defendant was sentenced to eight years at hard labor on each of the four counts, with each sentence to run concurrently. From these sentences the defendant has appealed alleging only one assignment of error: the trial court imposed an excessive sentence.
Louisiana jurisprudence, in interpreting Article I, § 20 of the Louisiana Constitution of 1974, has held that a sentence imposed within legislative guidelines may, nevertheless, be unconstitutionally excessive if it is nothing more than the purposeless and needless imposition of pain and suffering or if the penalty is so disproportionate to the crime as to shock the sense of justice.
In the instant case, the twenty-three year old defendant pled guilty to four crimes committed in the Lake Charles and DeQuincy areas. Those crimes (simple burglary and three counts of simple burglary of an inhabited dwelling) were committed in 1982, and the conviction on each one subjected the defendant to a maximum prison term of twelve years. LSA-R.S. 14:62, 14:62.2. (Additionally, the defendant could have been ordered to pay a fine of $2,000.00 for the conviction of simple burglary.)
At the time of the four offenses, the defendant was on parole for convictions on other burglaries he had committed in Texas and for which he had served three and one-half years imprisonment. Upon receiving the defendant's pleas of guilty, the State nolle prossed a charge of illegal possession of a firearm by a convicted felon. LSA-R.S. 14:95.1.
The defendant was given no sentence promises upon pleading guilty. In fact, he rejected the State's offer to recommend a sentence of six years and chose to plead "straight-up." Upon appeal the defendant argues that he was sentenced excessively, inasmuch as he had cooperated voluntarily with the State's officers by assisting them in solving other burglaries which involved the criminal implication of the defendant's sister and her husband.
The record reflects that the trial court followed the sentencing guidelines of LSA-C.Cr.P. 894.1 and the prohibition of sentence suspension and probation set forth in art. 893. Considering the defendant's prior criminal acts and his continued behavior, the trial judge opined that a maximum sentence would be appropriate but for the defendant's cooperation in solving the other crimes. Further, the four sentences were ordered to be served concurrently. Clearly, no abuse of discretion occurred in the imposition of defendant's sentences.
*1282 For the aforementioned reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs with reasons.
DOMENGEAUX, Judge, concurring.
It is well known that I disagree with State v. Sepulvado, 367 So.2d 762 (La. 1979) which case mandates review of sentences by appellate courts for excessiveness. Sepulvado is wrong and the Louisiana Supreme Court should overrule it. The plain fact is that our Constitution does not provide for nor mandate review of sentences when those sentences fall within the parameters set by the appropriate criminal statute. See my concurring opinions in State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), and State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983).
In Vallare I noted that in 19% of the criminal cases appealed to our Circuit, excessiveness of sentence, sometimes coupled with complaints of failure of the trial judge to adequately articulate the sentencing guidelines provided for in La.C.Cr.P. Art. 894.1 was the sole issue put forth for our consideration. That percentage has now increased to 23%.
I respectfully suggest that our steadily increasing backlog can be attributed, in significant measure to those type appeals.
Courts should not legislate. I respectfully again suggest that Sepulvado contravenes that premise. Our High Court should reevaluate Sepulvado, admit that it represents an erroneous interpretation of our Constitution, and lay it to rest.