467 So.2d 878 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Susan Lynn BRIAN, Defendant-Appellant.
No. CR84-741.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Rehearing Denied May 16, 1985.
*879 R. Stuart Wright, Wright & Wright, Natchitoches, for defendant-appellant.
John Clifton Conine, Asst. Dist. Atty., Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOMENGEAUX, Judge.
Defendant, Susan Lynn Brian, a separated 23 year old mother of three children was charged with the crime of cruelty to juveniles by intentionally hitting her minor son, causing unjustifiable pain and suffering, in violation of La.R.S. 14:93. She subsequently pleaded guilty to the charge and was sentenced to one year in the custody of the Louisiana Department of Corrections.
She appeals, and sets out one assignment of error which is quoted verbatim as follows: "Whether or not the sentencing by the Trial Court of your defendant to one year with the Department of Corrections was excessive, and which constitutes cruel and unusual punishment under the constitution of this state."
Although not specifically assigned as an error, defendant attorney's appellate brief seems to suggest a possible lack of compliance by the trial judge with C.Cr.P. Art. 894.1, and that this omission was intended to be incorporated in the one specified assignment. Out of an abundance of caution, we shall treat that subject also.
At the outset, we deem it appropriate to mention that in defendant's brief before this Court, it is admitted that there were sufficient facts to justify her guilty plea, and that the presentence report which was partially cited by the trial judge as reasons for sentencing, was obviously not favorable to the defendant.
The statute on cruelty to juveniles, La. R.S. 14:93 reads as follows:
"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisoned for not more than ten years, with or without hard labor, or both."
In Louisiana, by our Supreme Court's edict, a sentence may be excessive under the United States and Louisiana constitutions even though within statutory limits. It may be so disproportionate as to shock the senses of justice, or may be a *880 purposeless and needless imposition of pain and suffering. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Reed, 409 So.2d 266 (La.1982). However, the sentencing judge has wide discretion in the imposition of sentences and the sentence should not be set aside in the absence of manifest abuse of this discretion. State v. Sepulvado, supra; State v. Forshee, 395 So.2d 742 (La.1981).[1]
The record shows that this is a serious child abuse case. At the time of the defendant's transgressions she had two young children approximately one and one-half years and 6 months, respectively. These children have since been removed from the defendant and placed in foster care. She has since had another child who was two months old when defendant appeared for sentencing, and who was still in defendant's custody.
The record shows that the defendant's baby son was unmercifully abused by her as evidenced by repeated long bone and rib fractures of varying ages. The child was brutally beaten and it was the opinion of the physician involved that this beating practice had been going on over an extended period of time. The physician, referring to the battered child said: "He must be removed from this home and not returned. I also feel that there has been inadequate supervision since the child returned to his home." The physician wondered why this abuse was not recognized sooner and was allowed to continue to the extent shown.
This defendant mother could have been sentenced to a maximum of ten years. Given the facts of this case, the gravity thereof, and the extent of the brutality, the imposition of a one year sentence with the Department of Corrections is not excessive.
The trial judge opined that placing the defendant on probation would be a useless thing which would not benefit defendant and that incarceration would be proper under the circumstances of this "horrible crime". The trial judge further stated that defendant's apparent lack of concern about the welfare and health of her child caused him to conclude that there was a great possibility that she would hurt her new two month old baby if she was given a probated sentence. Although not using the exact wording of the statute (C.Cr.P. Art. 894.1), the judge intimated that a lesser sentence would deprecate the seriousness of defendant's crime.
At the sentencing hearing, the trial judge amplified his reasons for the conclusions which he drew in sentencing the defendant, and it is evident that his remarks show that he was aware of and considered the guidelines of C.Cr.P. Art. 894.1. This is all that is required. State v. Brooks, 431 So.2d 865 (La.App. 2nd Cir.1983). We find compliance with the guideline statute.
For the above and foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.