474 So.2d 36 (1985)
STATE of Louisiana
v.
Roger Charleslynn JOHNSON.
No. CR85-19.
Court of Appeal of Louisiana, Third Circuit.
August 2, 1985.
*37 Steven Thomas, Mansfield, for defendant-appellant.
Don M. Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOMENGEAUX, Judge.
Defendant, Roger Charleslynn Johnson, was indicted for the crime of distribution of a controlled dangerous substance, Schedule I, namely marijuana, in violation of La.R.S. 40:966 A(1). He subsequently pleaded guilty to the lesser charge of conspiracy to distribute a controlled dangerous substance, a violation of La.R.S. 40:966 A(1) and La.R.S. 14:26. The district court sentenced the defendant to eighteen months at hard labor in the custody of the Department of Corrections, however that sentence was suspended and the defendant was placed on supervised probation for a period of five years with the special condition of probation that he serve six months in the Sabine Parish jail.
The defendant appeals from the district court's imposition of the six months period of incarceration. The defendant lists three assignments of error:
(1) That the district court erred in failing to properly apply the sentence guidelines set forth in Louisiana Code of Criminal Procedure Article 894.1.
(2) That the district court erred in failing to state for the record the considerations taken into account and the factual basis for *38 imposing sentence on the defendant as required by La.C.Cr.P. Art. 894.1.
(3) That the district court erred in imposing a sentence which under the circumstances applicable to the defendant, is excessive and an arbitrary infliction of severe punishment resulting in cruel and unusual punishment of the defendant.

FACTS
On April 14, 1984, Natchitoches Parish Sheriff's Deputies Charlie Robinson and Leonard Jones, working undercover in connection with the Sabine Parish Sheriff's Office, approached the defendant and inquired about the purchase of some marijuana. The defendant, who at the time was standing in front of the Dew Drop Inn, located in Many, Louisiana, responded to the undercover deputies' inquiry by calling to a third party and requesting that he join the group. Once the third party joined the group the discussion again turned to the purchase of marijuana.
It is at this point that there is some dispute as to what ensued. The deputies alleged that the third person pulled ten roll-type marijuana cigarettes out of his pocket, handed them to the defendant, and the defendant handed the marijuana to Deputy Jones, who handed two $5 bills to the defendant and the defendant in turn gave the money to the third party. The defendant asserts that he was only a go-between and never actually touched either the marijuana or the money. The district judge's written reasons for sentence indicate that it was his opinion that the defendant's version of the event was the correct account of what transpired.
The defendant was charged by bill of indictment with a violation of La.R.S. 40:966 A(1), distribution of a controlled dangerous substance, Schedule I, namely marijuana. The defendant was arraigned and pleaded not guilty to the charges against him. On the day set for trial, pursuant to a plea bargain arrangement, the defendant withdrew his former plea of not guilty and entered a plea of guilty to the crime of conspiracy to distribute a controlled dangerous substance, Schedule I: marijuana. The district court was satisfied that the defendant understood the charges against him, that he had freely and voluntarily waived his right to a trial, that there was a factual basis for the guilty plea and therefore accepted the guilty plea.
A presentence investigation was ordered and on November 29, 1984, the defendant appeared in court for sentencing. The district judge filed written reasons for sentence and sentenced the defendant to eighteen months at hard labor in the custody of the Louisiana Department of Corrections, however execution of the sentence was suspended and the defendant was placed on supervised probation for a period of five years with the special conditions of probation that the defendant serve six months in the parish jail and pay $500.00 to the Sabine Parish Sheriff's Office Drug Enforcement Fund.
It is from the imposition of the six month term of incarceration that the defendant appeals.

ASSIGNMENT OF ERROR NO. 1
The defendant alleges that the district court erred in failing to properly apply the sentence guidelines set forth in La.C.Cr.P. Art. 894.1.
The purpose of La.C.Cr.P. Art. 894.1 is twofold: First, it is used to guide and assist the district courts in the exercise of the broad discretion which those courts have regarding the imposition of fair and proper sentences in criminal cases, State v. Murdock, 416 So.2d 103 (La.1982), and State v. Douglas, 389 So.2d 1263 (La.1980); and Second, to afford the reviewing court some insight into the trial court's reasoning process, so that the propriety of the sentence can be better evaluated, State v. Robicheaux, 412 So.2d 1313 (La.1982), and State v. Price, 403 So.2d 660 (La.1981). See State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984).
As the Louisiana Fifth Circuit Court of Appeal recently noted in State v. Allen, supra, "[t]he recent jurisprudence suggests *39 that Article 894.1 is a guideline to be used in sentencing a defendant and as an expression for the record to assist the reviewing court in its determination of the appropriateness of the sentence to the offense and the offender. In short, it is a means, not an end."
In the trial judge's written reasons for sentence he noted that although there were certain factors which tended to persuade him that probationary treatment would benefit the defendant, "failure to impose any period of confinement at all would deprecate the seriousness of the offense."
La.C.Cr.P. Art. 894.1 A states:
"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime."
Where either one of parts A(1), (2), or (3) of the Louisiana Code of Criminal Procedure Art. 894.1 is applicable, the court has a legislative mandate to imprison a convicted felon. State v. Foley, 448 So.2d 731 (La.App. 5th Cir.1984).
The allegation that the district court failed to comply with the guidelines of La. C.Cr.P. Art. 894.1 is without merit. The record contains articulated reasons by the trial judge for imprisonment reflecting specific consideration of 894.1 A(3). The district judge felt that a failure to provide for a period of incarceration for the crime of conspiracy to distribute controlled dangerous substances would deprecate the seriousness of the crime. Likewise the trial judge reviewed the mitigating and applicable provisions of paragraph B of the Article and stated that sub-sections (7), (10), and (11) were worthy of consideration in the defendant's case. Nevertheless, he held that these mitigating factors did not override the necessity for imprisonment. State v. Hicks, 450 So.2d 64 (La.App. 3rd Cir. 1984). The written reasons for sentence exhibit that the district judge was aware of and considered Article 894.1 in considering the defendant's sentence.
Furthermore, the requirements of C.Cr.P. Art. 894.1 are fulfilled when the record affirmatively shows that the district judge considered the statutory guidelines State v. McDermitt, 406 So.2d 195 (La. 1981). The trial judge need not articulate every aggravating and mitigating factor mentioned in C.Cr.P. Art. 894.1 which he considered in imposing the sentence. State v. Straughter, 406 So.2d 221 (La.1981).
The district judge's written reasons for sentence indicate to us that he considered not only the seriousness of the crime in imposing the sentence but also those factors which tended to suggest that probation would better serve the rehabilitation of the defendant. The written reasons show that the district judge was aware of and considered the guidelines of C.Cr.P. Art. 894.1. This is all that is required. State v. Brooks, 431 So.2d 865 (La.App. 2nd Cir.1983), and State v. Brian, 467 So.2d 878 (La.App. 3rd Cir.1985).
Finally, we note that even had we found that the district judge failed to adequately consider or articulate the 894.1 guidelines in sentencing this defendant, where a sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a Court of Appeal need not remand for compliance with Article 894.1. State v. Jones, 412 So.2d 1051 (La.1982), State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984). As we shall explain infra, the maximum sentence which a defendant can receive for conspiracy to distribute the controlled dangerous substance marijuana is 5 years at hard labor and a $7,500.00 fine. The imposition of a six month prison term as a special condition of probation is in the *40 lower range of the applicable sentencing scale and is not apparently severe.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant contends that the district court erred in failing to state for the record the considerations taken into account and the factual basis for imposing sentence on the defendant. Basically, the defendant is asserting that the district judge failed to comply with paragraph C of Article 894.1.
The written reasons for sentence which the district judge filed into the record contains a narrative of the facts of the case, a statement of the defendant's age, marital status, and number of children. The reasons also state that the defendant has no prior criminal record, is unemployed, and has an 11th grade education.
Having determined in Assignment of Error No. 1 that the district judge adequately stated the considerations of paragraphs A and B of Article 894.1 we conclude that the trial judge adequately complied with the provisions of paragraph C by articulating the factual considerations he employed in imposing the six month prison sentence.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
The defendant avers that the six month sentence imposed by the district court as a special condition of probation is excessive. To reiterate: The trial judge sentenced the defendant to eighteen months at hard labor in the custody of the Department of Corrections, however the execution of the sentence was suspended and a district judge placed the defendant on five years supervisory probation, with a special condition of probation that defendant serve six months in the Sabine Parish prison and pay the sum of $500.00 to the Sabine Parish Sheriff's Office Drug Enforcement Fund.
The defendant pleaded guilty to the crime of conspiracy to distribute a controlled dangerous substance, a violation of La.R.S. 40:966 A(1) and La.R.S. 14:26.
La.R.S. 40:966 A(1) establishes the crime of distribution of a controlled dangerous substance. It provides:
"A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, to dispense, a controlled dangerous substance classified in Schedule I;"
The penalty provided by law for a defendant convicted of distributing the Schedule I drug marijuana is a sentence to a "time of imprisonment, at hard labor, for not more than ten years and ... a fine of not more than $15,000.00."
La.R.S. 14:26 defines and establishes the sentence for criminal conspiracy. It provides:
"A. Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
If the intended basic crime has been consummated, the conspirators may be tried for either the conspiracy or the completed offense, and a conviction for one shall not bar prosecution for the other.
B. Whoever is a party to a criminal conspiracy to commit any crime shall be fined or imprisoned, or both, in the same manner as for the offense contemplated by the conspirators; provided, however, whoever is a party to a criminal conspiracy to commit a crime punishable by death or life imprisonment shall be imprisoned at hard labor for not more than thirty years.
C. Whoever is a party to a criminal conspiracy to commit any other crime shall be fined or imprisoned, or both, in the same manner as for the offense contemplated by the conspirators; but such *41 fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for such offense, or both."
Thus, the maximum penalty which a defendant convicted of conspiracy to distribute a controlled dangerous substance, to-wit: marijuana, could be sentenced to is five years at hard labor and a fine of $7,500.00.
Recently, in State v. Brian, supra, this Court articulated the standards Courts of Appeal must consider in reviewing a criminal sentence for excessiveness,[1] we stated:
"In Louisiana, by our Supreme Court's edict, a sentence may be excessive under the United States and Louisiana constitutions even though within statutory limits. It may be so disproportionate as to shock the senses of justice, or may be a purposeless and needless imposition of pain and suffering. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Reed, 409 So.2d 266 (La.1982). However, the sentencing judge has wide discretion in the imposition of sentences and the sentence should not be set aside in the absence of manifest abuse of this discretion. State v. Sepulvado, supra; State v. Forshee, 395 So.2d 742 (La.1981)."
The record shows that the defendant was originally charged with distribution of a controlled dangerous substance and that through a plea bargain arrangement he was allowed to plead guilty to the lesser offense of conspiracy to distribute a controlled dangerous substance. Because the offense was actually consummated the defendant could have been tried for the greater offense. La.R.S. 14:26.
Further, a review of the applicable statutes and sentence provisions indicate that the Legislature considers conspiracy to distribute controlled dangerous substances a serious offense.
This defendant could have been sentenced to a maximum of five years in prison and a $7,500.00 fine. Given the facts of this case, and the gravity of the offense, a six month prison sentence as a special condition of probation is not excessive.
This assignment of error lacks merit.
For the above and foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.