DOMENGEAUX, Judge.
Defendant, Thomas Eugene Richard, was indicted for the crime of simple burglary in violation of La.R.S. 14:62. The defendant pled guilty to the charge of simple burglary pursuant to a plea bargain, wherein the State agreed not to prosecute the defendant on a related forgery charge and promised not to multiple bill the defendant on either of the above charges. The district court sentenced the defendant to six years at hard labor.
The defendant appeals from the district court’s imposition of the six year period of incarceration, and specifies three assignments of error:
(1) That the district court erred in failing to properly apply the sentence guidelines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure;
(2) That the district court erred in failing to state for the record the considerations taken into account and the factual basis for imposing sentence on the defendant as required by La.C.Cr.P. Art. 894.1;
(3) That the district court erred in imposing a sentence which under the circumstances applicable to the defendant, is excessive and an arbitrary infliction of severe punishment resulting in cruel and unusual punishment of the defendant.
ASSIGNMENT OF ERROR NO. 1
The defendant alleges that the district court erred in failing to properly apply the sentence guidelines set forth in La.C.Cr.P. Art. 894.1.
La.C.Cr.P. Art. 894.1 A states:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effective *597 ly by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”
Where any one of Parts A(1), (2), or (3) of the Article is applicable, the Court has a legislative mandate to imprison a convicted felon. State v. Foley, 448 So.2d 731 (La.App. 5th Cir.1984); State v. Johnson, 474 So.2d 36 (La.App. 3rd Cir.1985).
The allegation that the district court failed to comply with the guidelines of La.C.Cr.P. Art. 894.1 is without merit. First, the transcript of the defendant’s sentencing hearing affirmatively shows that the district judge considered and found applicable to the case before him Section (3) of La.C.Cr.P. Art. 894.1 A. Second, since the defendant had a prior felony conviction he was not eligible for a probated sentence. C.Cr.P. Art. 893. Third, although the district judge did not articulate any factors mitigating against the defendant’s incarceration, no reversible error was committed where the trial court was not made aware of any mitigating circumstances. State v. Horne, 438 So.2d 252 (La.App. 3rd Cir.1983). At the sentencing hearing the defendant’s witnesses could only state in the defendant’s behalf that he had been a “pretty good worker”, and that he had exhibited an intent to “join the church” since he had been in jail. Under these circumstances we cannot say that the district judge erred.
ASSIGNMENT OF ERROR NO. 2
The defendant’s second assignment alleges that the district judge erred in failing to articulate the factual basis for the sentence imposed as required by La.C.Cr.P. Art. 894.1. On the contrary, the sentencing transcript shows that the district judge fully enumerated the considerations he took into account and the facts supporting those considerations. The district judge stated that the defendant had a significant past history of criminal conduct including a prior felony conviction. The district judge noted that the defendant’s prior probation had been revoked and that he had been less than a model parolee. Further, the judge indicated that the defendant had an unstable employment record.
The allegation that the district judge failed to state for the record the considerations taken into account and the factual basis therefor in imposing sentence, is without merit.
ASSIGNMENT OF ERROR NO. 3
In this assignment, the defendant avers that the sentence of six years with hard labor is excessive and an arbitrary imposition of severe punishment resulting in cruel and unusual punishment.[1] The pertinent facts are: the defendant pled guilty to the charge of simple burglary in return for the State’s promise to neither prosecute on the forgery charge nor multiple bill the defendant; the defendant was sentenced to six years at hard labor; and the defendant’s maximum penalty exposure was twelve years with or without hard labor and a $2,000.00 fine.
In State v. Brian, 467 So.2d 878 (La.App. 3rd Cir.1985), and State v. Johnson, supra, this Court articulated the standard that Courts of Appeal must consider in reviewing a criminal sentence for excessiveness. We stated:
“In Louisiana, by our Supreme Court’s edict, a sentence may be excessive under the United States and Louisiana constitutions even though within statutory limits. It may be so disproportionate as to shock *598 the senses of justice, or may be a purposeless and needless imposition of pain and suffering. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Reed, 409 So.2d 266 (La.1982). However, the sentencing judge has wide discretion in the imposition of sentences and the sentence should not be set aside in the absence of manifest abuse of this discretion. State v. Sepulvado, supra; State v. Forshee, 395 So.2d 742 (La.1981).”
In this case the defendant was sentenced to six years at hard labor — well under the statutory maximum period. We also note that the defendant pled guilty in return for a substantial plea bargain agreement. We can find no abuse of the district court’s great discretion in the sentencing of the defendant. This assignment of error is without merit.
For the above and foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.
FORET, J., concurs in the result.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.