DOMENGEAUX, Judge.
This appeal, by a defendant convicted of the possession of various types of controlled dangerous substances, contests the inclusion of certain subject matter in a pre-sentence investigation report, as well as the excessiveness of the sentence imposed.
Defendant, Pedro Ortiz, was charged in a multi-count bill of information with the following:
Count 1 — Distribution of marijuana, in violation of La.R.S. 40:966(A)(1).
Count 2 — Distribution of lysergic acid, in violation of La.R.S. 40:968(A)(1).
Count 3 — Possession of marijuana with intent to distribute, in violation of La.R.S. 40:966(A)(1).
Count 4 — Possession of lysergic acid with intent to distribute, in violation of La.R.S. 40:966(A)(1).
Count 5 — Possession of cocaine, in violation of La.R.S. 40:967(C).
On September 10, 1985, the defendant, pursuant to plea negotiations with the *393 State, withdrew his former plea of not guilty and pleaded guilty to the charges in Counts 3 and 4. The judge thereafter ordered a presentence investigation and report. On November 26, 1985, the judge sentenced the defendant to five years imprisonment at hard labor on Count 3 and five years imprisonment at hard labor on Count 4, said sentences to run concurrently. The defendant appeals his sentence, urging three assignments of error.
In his first assignment of error, the defendant contends that the trial court erred in allowing a statement by police officers to be included in the presentence investigation report. The statement in the presentence investigation report that the defendant objected to read as follows: “It is the opinion of law enforcement officers that Subject was a major distributor of drugs in the Leesville area.”
In support of his objection the defendant cited State v. Sinegal, 444 So.2d 1184 (La.1984), in which Justice Lemmon, in his concurring opinion, stated:
“It is inappropriate for a probation officer to include in a presentence investigation report an unsupported statement that a police officer ‘considers Sinegal to be a ‘big man’ in the narcotics trade in Jennings.’ It is even more inappropriate for the trial judge, in imposing sentence, to attach any significance whatsoever to such a statement. The sentencing judge should disregard this and any other con-clusory statements that are made without a factual basis.”
The defendant apparently is complaining that the trial judge erred in not striking the statement. Defense counsel, however, requested that the statement “ ... be stricken from the [presentence investigation] report, or that the court place no reliance on these statements.” (Emphasis added). In response to the defendant’s objection, the trial judge stated:
“I concur that of course that’s a conclu-sory allegation and I believe that I indicated to counsel that no factual basis for the conclusion is set forth in the presen-tence investigation. And, I do not believe that it’s entitled to a great deal of weight.”
By the trial judge’s remarks, it would appear that he did not place any reliance on, nor did he attach any significance to, the statement. As such, it cannot be maintained that the trial judge committed error by not having the statement stricken as it was not necessary to do so.
This assignment of error lacks merit.
The defendant maintains in Assignments of Error Nos. 2 and 3 that the trial judge erred in imposing an excessive sentence on the defendant in that he did not place the defendant on probation.
The defendant pleaded guilty to one count of possession of marijuana with intention to distribute and one count of possession of lysergic acid with intent to distribute.
The sentence for both possession of marijuana with intent to distribute and possession of lysergic acid with intent to distribute is imprisonment at hard labor for not more than ten years and a fine of not more than $15,000.00. La.R.S. 40:966(B)(2); La. R.S. 40:968(B). The defendant, therefore, was subject to a maximum sentence of twenty years imprisonment and a $30,-000.00 fine.
The defendant’s five year concurrent sentences fall within the statutory limits for sentencing; however, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La. Const. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Brown, 412 So.2d 998 (La.1982). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981).
The appellate standard[1] for determining whether a sentence is unconstitutionally *394 excessive has been articulated by this Court as follows:
[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
State v. Morgan, 428 So.2d 1215, at page 1216 (La.App. 3rd Cir.1983), writ denied, 422 So.2d 166 (La.1983).
The record indicates that the defendant has had a prior conviction for possession of marijuana in which his sentence was suspended and he was placed on supervised probation. The trial judge noted that the supervising probation officer considered the defendant an “unsatisfactory probationer.”[2] After imposing the five year concurrent sentences, the trial judge made the following comments:
“... when I consider that just very recently this defendant was placed on probation for a drug offense, that he performed poorly as a probationer, I believe that even though this appears to be a first felony conviction for this defendant, he is not a proper subject for probationary treatment....”
La.C.Cr.P. Art. 894.1(A) states:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”
“Where either one of parts A(l), (2), or (3) of the Louisiana Code of Criminal Procedure Article 894.1 is applicable, the court has a legislative mandate to imprison a *395 convicted felon. State v. Foley, 448 So.2d 731 (La.App. 5th Cir.1984).” State v. Johnson, 474 So.2d 36 (La.App. 3rd Cir.1985).
From the trial judge’s comments noted above, it would appear that he felt that La.C.Cr.P. Art. 894.1(A)(2) was applicable to the defendant. As such, it cannot be maintained that the trial judge erred in not placing the defendant on probation.
The record further shows that the defendant was charged with five counts involving different violations of controlled dangerous substances statutes. Pursuant to a plea bargain arrangement. with the State, the defendant was allowed to plead guilty to two of the charges and the other charges were dropped. If the defendant would have gone to trial on all five counts, he could, if found guilty, have been sentenced consecutively to a maximum of forty-five years at hard labor in addition to a $65,000.00 fine. La.R.S. 40:966(B)(2); La. R.S. 40:967(0(2); La.R.S. 40:968(B).
Given the facts of this case, it does not appear that two concurrent sentences of five years imprisonment is so disproportionate to the crime committed as to shock our sense of justice. It, therefore, cannot be found that the trial judge abused his wide discretion in imposing the sentences.
For the above and foregoing reasons, the concurrent sentences of the defendant, Pedro Ortiz, are affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate *394 judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also Stale v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.

. The presentence investigation report compiled in this case enumerates the defendant’s prior probation and parole history as follows:
C. Probation and/or Parole Record:
On 6-21-84, in the 30th JDC, Leesville, Louisiana, Judge Ted R. Broyles presiding, Subject entered a plea of guilty to possession of Marijuana. He was sentenced to serve 6 months in jail, suspended, and placed on one year supervised probation. Special Conditions: (1) pay 1486.50 fine and costs; (2) refrain from association with users or dealers of CDS.
On 3-24-85, Subject was arrested by Vernon Parish Sheriffs Office charged with Possession W.I.T.D. Marijuana and Possession W.I. T.D. LSD. A Probation Violation Hearing was fixed for April 19, 1985, at which time Subject failed to appear in Court and a bench warrant was issued for his arrest.
On 5-6-85, a warrant was issued by Judge Broyles for the arrest of Subject for Failure to Refrain from Criminal Conduct, Failure to Appear for Court date of 4-19-85, and by having absconded from supervision.
On 5-20-85, Subject was arrested by Probation Officer and transported to Vernon Parish Jail.
On 6-6-85, Subject appeared before Judge Broyles in a Violation Hearing. He was found to be in violation of Conditions of Probation. He was given a Judicial Reprimand and returned to supervision.
Even though new charges were pending against Subject, Judge Broyles stated that he had not been convicted and allowed probation to terminate satisfactorily on 6-21-85.