DOMENGEAUX, Judge.
Appellant, John D. Anderson, was charged by a bill of information with armed robbery, a violation of La.R.S. 14:64. After testifying at his co-perpetrator’s trial, he pled guilty to the charge. A pre-sentence investigation was ordered. Appellant was sentenced to serve eighteen years at hard labor without benefit of parole, probation or suspension of sentence.
FACTS
On March 27, 1983, defendant and his co-perpetrator went into a Little General Store in Alexandria, Louisiana, between 8:00 and 8:30 P.M. After playing a video game, defendant pulled out a gun, pointed *108 it at the store clerk and demanded money. They took in excess of $30.00 and ran out of the store. A Rapides Parish deputy located the two suspects on another street, at which time defendant attempted to shoot the deputy, pulling the trigger of the gun three times. The gun, fortunately, failed to discharge. The two suspects were arrested at a later date pursuant to a Crime Stoppers’ tip.
ASSIGNMENT OF ERROR
Appellant claims that the trial court erred in sentencing him.[1]
Trial courts have broad discretion in imposing sentences and a decision of a lower court will not be disturbed absent an abuse of discretion. A sentence is unconstitutionally excessive when it is grossly out of proportion to the severity of the offense or inflicts unnecessary pain and suffering. Furthermore, a sentence within a statutory range may be excessive when considered in light of the individual defendant and the circumstances of the crime. State v. Thomas, 447 So.2d 1053 (La.1984).
The penalty for armed robbery is imprisonment at hard labor for not less than five nor more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. In the instant case, defendant was sentenced to imprisonment at hard labor for eighteen years without benefit of parole, probation or suspension of sentence. This is well within the statutory range.
The trial judge considered the following aggravating and mitigating circumstances. The defendant used a firearm in the robbery. The defendant attempted to shoot a deputy while evading arrest. The defendant pled guilty to the crime. The defendant, a first offender, was 17 years old at the time of the offense.
Due to the serious nature of the offense, and considering the aggravating and mitigating circumstances, a sentence of eighteen years is not so excessive as to shock one’s conscious and should not be considered excessive. This assignment of error lacks merit.
For the above and foregoing reasons the sentence of John D. Anderson is affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; and, State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.