DOMENGEAUX, Judge,
dissenting.
In remanding this ease a second time, the majority avoids the gist of the defendant’s appeal: that his sentence is excessive. Notwithstanding my well known position on this issue,[1] I suggest we address the *39 merits of defendant’s appeal. The majority’s action merely sets the stage for our hearing this case yet a third time.
The defendant would have this Court believe he was unaware of his companions’ drug activities. Yet, at his arrest, he attempted to destroy evidence by throwing a zip-lock bag of amphetamines into the Cane River and he chose to escape rather than to surrender peacefully. These are not the actions of an innocent bystander. Add to this scenario the street value of the drugs, over $24,300.00, and the two pistols, one an automatic weapon, recovered in his hotel room, and it becomes clear that the defendant actively participated in a high-powered, potentially violent, drug transaction.
Given the serious harm threatened by the defendant’s conduct, I do not find that a four year sentence shocks our sense of justice. The trial judge has great discretion in imposing the sentence within statutory limits. Finding no abuse of discretion I would affirm the defendant’s sentence.

. The author of this dissent is compelled to again state his position as to appellate review of *39 sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ. denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.