410 So.2d 227 (1982)
STATE of Louisiana
v.
Haywood BING.
No. 81-KA-1684.
Supreme Court of Louisiana.
January 26, 1982.
Concurring Opinion February 15, 1982.
Dissenting Opinion March 10, 1982.
Rehearing Denied March 12, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Mike McDonald, Asst. Dist. Attys., for plaintiff-appellee.
Woodrow Wyatt, Baton Rouge, for defendant-appellant.
*228 DIXON, Chief Justice.[*]
Defendant Haywood Bing was charged by bill of information with possession with intent to distribute marijuana in violation of R.S. 40:967(A). Defendant pleaded not guilty on January 29, 1981, but withdrew his plea and pleaded guilty as charged on March 26, 1981. Defendant was sentenced to four years at hard labor and was fined $3000 plus court costs. Defendant appeals the sentence on the basis of excessiveness. The sentence is set aside, and the case is remanded for resentencing.
Defendant was arrested after police, pursuant to a valid search warrant, recovered twenty-five to twenty-eight pounds of marijuana in a closet in his house. Defendant testified he had the marijuana for about three hours when the police arrived. Some of it had been broken down into one pound packets for resale. Bing stated he was to sell the individual pounds to friends. The judge asked Bing for the name of his supplier at the "Boykin" examination and the sentencing hearing. Bing refused to answer, claiming he was afraid of placing himself in danger by revealing the source of the marijuana. However, defendant reconsidered and provided detailed information to the judge, an assistant district attorney and a sheriff's officer.
The court ordered an abbreviated presentence investigation following defendant's plea of guilty. The investigation revealed that the defendant had no prior criminal convictions. He had one prior arrest in 1973 for possession of marijuana for resale in Tennessee, but the charge was nolle prossed. The sentencing report recommended defendant be placed on probation.
Haywood Bing is a forty-year-old male who was honorably discharged from the Navy. He attended junior college, has raised a family and has a good work history. Mr. Bing earned substantial wages as a pipefitter and equipment operator until he was injured on the job in 1980. His only income is $148.00 a week from worker's compensation. The report suggested defendant be required to pay a substantial fine in order to take away any profit. However, defendant testified he was to pay for the marijuana after selling it and had not made any profit.
Article I, § 20, La.Const., prohibits imposition by law of excessive punishment. In State v. Sepulvado, 367 So.2d 762 (La. 1979), we held that a sentence within statutory limits may still violate defendant's constitutional right against excessive punishment. A trial court is given wide discretion to impose sentence within limits defined by the legislature. The sentence imposed by the trial court should not be set aside as excessive unless there has been abuse of its discretion. See State v. Forshee, 395 So.2d 742 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981); State v. Sepulvado, supra. The sentencing criteria in C.Cr.P. 894.1 "provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." State v. Sepulvado, supra, at 769.
The trial judge correctly allowed defense counsel to introduce evidence of mitigating circumstances to justify a lesser sentence for defendant. However, that evidence does not appear to have been properly weighed by the trial judge. Drug use in schools, an appropriate social concern in relation to the suppression of drug traffic, seems to have overshadowed all other considerations in a procedure which should have been directed toward individualizing the sentence. As far as the record shows, this was the first time defendant ever possessed drugs with the intent of distributing them.
After declining to tell the judge, in open court on March 26 at the "Boykin" hearing the name of his supplier, defendant answered the judge's question at the April 24 sentencing hearing as follows:

*229 "... The main reason that I am not willing is becausebecause I believe I would be putting myself in more trouble and more danger by informingby telling you that then (sic) I am already in uhand I am already in all the trouble in the world right now."
The judge should have understood that his public interrogation, commendable in its object, involved great risk of jeopardy to defendant completely beyond any sentence the judge could impose. Law enforcement officers and prosecutors, not judges, are equipped to seek such information in ways more likely to protect the source.
The trial court concentrated on Bing's refusal to name his supplier when it applied the 894.1 criteria, and found (1) there was undue risk defendant would commit another crime during probation, (2) defendant had not compensated the people of East Baton Rouge Parish, (3) defendant's conduct was the result of circumstances likely to recur, (4) Mr. Bing's character and attitude indicated he was not unlikely to commit another crime, and (5) that he would not respond to probation. The record reflects the sole justification for the hard labor sentence imposed on defendant was his failure to divulge the name of his supplier. The trial court went far beyond a simple notation of defendant's attitude. Haywood Bing was grilled repeatedly under penalty of a lengthy prison term.
A defendant has no right to withhold incriminating information about others who have been or are presently engaging in criminal activity. See Roberts v. United States, 445 U.S. 552, 558, 100 S.Ct. 1358, 1363, 63 L.Ed.2d 622, 629 (1980). "Unless his silence is protected by the privilege against self-incrimination, see Part III, infra, the criminal defendant no less than any other citizen is obliged to assist the authorities." Roberts indicates it was not necessarily improper for the trial judge to consider defendant's refusal to cooperate; here, however, there was an undue risk in the interrogation of defendant. Further, once defendant supplied the requested information, the trial judge did not suspend the prison sentence as defendant had been led to believe.[1]
The considerations listed in C.Cr.P. 894.1 provide a method for particularizing sentences of individual defendants. Defendant's refusal to cooperate was one factor for the judge to consider when deciding sentence. However, it should not have been the controlling factor. The trial judge apparently disregarded any mitigating circumstances, including even the fact that defendant finally named his supplier. The defendant received a favorable presentence report recommending probation. The judge was not bound by the sentencing report, but the recommendation should have been seriously considered in light of Bing's military record, education, work history and lack of prior record.
In finding this sentence excessive, we specifically do not hold that four years at hard labor and a $3000 fine is, on its face, an excessive sentence for the possession of twenty-eight pounds of marijuana with the intent to distribute. We do find that the sentence is excessive on the facts of this case as we understand them.
The plea of guilty has not been attacked in this appeal, and its validity is not before us.
*230 For these reasons, the sentence is vacated, and the case is remanded for resentencing in accordance with the views expressed herein.
BLANCHE, J., concurs and assigns reasons.
LEMMON, J., dissents and assigns reasons.
BLANCHE, Justice (concurring).
The transcript of the Boykin examination and the sentencing hearing convinces this writer that the trial judge had abandoned his role as judge and was acting as prosecutor in attempting to obtain information for the state concerning the source of defendant's marijuana supply. It is also obvious that the trial judge did not consider the mitigating factors set forth in the majority opinion or, if he did, failed to articulate the same. Additionally, the defendant asserts that the presentence investigation report, though not binding on the trial judge, did recommend that he receive a suspended sentence.
Further, it is obvious that the trial judge's sentence of defendant was motivated by his failure to obtain the information he sought for the state. In attempting to obtain this information, it is also obvious that the judge's remarks could be considered as a veiled promise of leniency if defendant would give him the information sought. Stated in other words, it is this writer's opinion that the judge led the defendant to believe there would be leniency if he confessed the source, and Angola if he remained silent.
It is also the opinion of this writer that when a judge attempts to intermingle a prosecutorial function with his own judicial function, he renders suspect his fairness as a judge. However, if it is true as stated in counsel's brief that defendant was promised a suspended sentence if he gave the requested information at a time when the sentence had not yet been made executory, then this writer is of the opinion that it would be unconscionable for the trial judge, after having received the information, not to keep his bargain. More than that, it was wrong for the judge to give the impression that he might give a suspended sentence in exchange for the information.
With regard to the heavy responsibility placed on a judge in making a sentencing determination, this writer believes it is the judge's duty to give a fair, even-handed sentence based upon all the facts and circumstances surrounding the commission of the crime and after considering all the aggravating and mitigating considerations as shown by the record.
I concur in the remand of the case for resentencing with instructions to the trial judge to resentence defendant in accordance with the views both there and herein expressed.
LEMMON, Justice, dissenting.
There are two principal issues in this appeal based on the excessiveness of the sentence: (1) whether it was appropriate for the trial judge to question defendant as to his source of illegal drugs and (2) whether the trial judge assigned inordinate weight to defendant's refusal to cooperate with law enforcement officials by revealing his source of illegal drugs.
It is not inappropriate for a trial judge to require a convicted criminal to reveal his knowledge of criminal activity of other persons who participated in his crime in order to receive a "soft" sentence or a suspended sentence.[1] It is only inappropriate for a trial judge to require disclosure of this information in order for the defendant to receive a fair sentence.
*231 On this record I cannot say that a four-year sentence and a $3,000 fine was not a fair sentence. Defendant was found with 28 pounds of marijuana, broken down into small packages, and defendant admitted that he intended to sell the marijuana. The maximum penalty was 10 years at hard labor and a $15,000 fine, and the sentence imposed was below the mid-point of the range. Furthermore, defendant will be eligible in 16 months for parole, which in all likelihood will be granted, if this first offender conducts himself with good behavior.[2] One can hardly say that the prison sentence is excessive for this serious offense which is presently the object of grave social concern.
Nor can I say, as the majority apparently believes, that the trial judge considered defendant's refusal to cooperate with law enforcement authorities as the "controlling factor" in fixing the sentence. The trial judge clearly assigned considerable weight to that factor, but he also reviewed all other pertinent factors, particularly the fact that defendant had previously been apprehended for distributing marijuana and had escaped conviction only because of a search warrant deficiency. (The trial judge expressly noted that since defendant had not learned a lesson the first time he was caught selling marijuana, there was an undue risk he would commit another crime if placed on probation.)
Finally, I disagree with the majority's statement that the trial judge "disregarded any mitigating circumstances, including even the fact that defendant finally named his supplier". At the time of sentencing, defendant had refused to disclose his supplier, and this record does not suggest that he ever did so (or that the trial judge promised a suspended sentence or lighter sentence if he did).[3] A beyond-the-record and unverified statement during appellate argument certainly does not constitute a mitigating circumstance which the trial judge should have considered during sentencing.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin and Jasper E. Jones of the Second Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] At both the "Boykin" examination and sentencing hearing, Bing refused to declare the name of the person from whom the marijuana had been obtained. Defense counsel represents in brief to us that, at a later hearing held in the judge's chambers, defendant told the judge in the presence of a court reporter, defense counsel, an assistant district attorney, Mr. McDonald and Lt. Michelle Fourrier of the East Baton Rouge Parish Sheriff's Office when, where, how and from whom he had acquired the marijuana. Bing did this after the court told him it would suspend the imprisonment sentence upon his supplying the name of his source. These representations were not denied by the state, but no transcript has been furnished us. If the representations are true, the sentence of imprisonment should be suspended. The sentence had been pronounced on April 24, 1981, but execution had been deferred until June 15, 1981; the trial court had authority to suspend sentence after the defendant provided the information.
[1] The Legislature has expressly authorized such a procedure in R.S. 40:967, and we have approved the statute's validity in State v. LeCompte, 406 So.2d 1300 (La. 1981).

Perhaps defendant is suggesting that seeking disclosure of information by convicted criminals for the purpose of fostering the prosecution of unapprehended offenders is not properly a judicial function. However, sentencing is a judicial function, and one of the appropriate considerations in sentencing is whether the defendant has cooperated with law enforcement officials (regardless of who initiated the request for cooperation).
[2] See R.S. 15:574.3 and 574.4.
[3] The district attorney's post-argument brief asserts that defendant did not reveal his source after sentencing, but simply gave vague and unverifiable information. Moreover, if defendant did eventually reveal his source after this record was complete, then defendant's appropriate recourse was to file a motion to remand to the trial court for reconsideration of the sentence in the light of that disclosure and for an evidentiary hearing to supplement the present record.