457 So.2d 1282 (1984)
STATE of Louisiana, State and Appellee,
v.
Harry Lee SMITH, Defendant-Appellant.
No. CR83-561.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*1283 Charles E. Soileau, Rayne, for defendant-appellant.
Jack D. Miller, Asst. Dist. Atty., Crowley, for State and appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOUCET, Judge.
The defendant, Harry Lee Smith, was charged in the 15th Judicial District Court for the Parish of Acadia with seven counts of felony theft in violation of La.R.S. 14:67. During the period from November 30, 1981 through December 29, 1981, defendant and two other individuals stole six motorcycles and some hand tools from various homes around Acadia Parish.
On November 23, 1983, defendant changed his previous plea of not guilty to guilty on all seven counts of theft. The Honorable John Rixie Mouton Boykenized (See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969) the defendant and pursuant to defense counsel's request, ordered a pre-sentence investigation.
A sentencing hearing was held on April 11, 1983. Defendant was sentenced to three years at hard labor in each of five counts, to run concurrently, and to three years at hard labor in each of two counts, to run consecutively, an effective sentence of nine years.
Defendant now appeals this sentence on four assignments of error. As only three of these assignments of error were argued in appellant's brief only those three will be considered. The other assignment of error is considered abandoned. State v. Joseph, 425 So.2d 1261 (La.1983).
The appellant argues that the trial court erred in failing to sentence the defendant in accord with the sentencing guidelines of La.C.Cr.P. art. 894.1.
La.C.Cr.P. 894.1 sets forth three factors which justify a sentence imposing imprisonment and eleven other factors which tend to indicate suspension of sentence or probation as appropriate. Part C of that article provides that: "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." State v. Cox, 369 So.2d 118 (La.1979).
Judge Mouton sentenced Smith as follows:
"THE COURT: In the case of Mr. Smith, the Court is also the beneficiary of a pre-sentence investigation report. The Court will sentence you to three years at hard labor in custody of the Department of Corrections on each count, on six counts.
MR. FOREMAN: Your Honor, I believe there's seven counts.
THE COURT: The first five sentences to run concurrently; the last two sentences *1284 to run consecutively. The Court is prevented by law to grant this man a suspended sentence inasmuch as on December 30, 1981 he was convicted of felony theft and was sentenced to three years at hard labor suspended, with three years active supervised probation. You will probably have to get your probation revoked on that one and go serve another three. You seem to have a propensity for the property of others. The Court feels that you need the sanctions of being confined and maybe, maybe you might see your way. A lessor sentence would deprecate or greatly reduce the seriousness of these crimes. You apparently are not a good candidate for rehabilitation. Thank you."
The court in this statement does consider the factors listed in La.C.Cr.P. art. 894.1(A):
"(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
(3) A lesser sentence will deprecate from the seriousness of the defendant's crime."
La.C.Cr.P. art. 894.1(B) provides that the eleven mitigating factors "while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence of probation." It is true that the record should reflect that mitigating as well as aggravating circumstances have been considered. State v. Smith, 426 So.2d 738 (La.App. 3rd Cir.1983); State v. Ray, 423 So.2d 116 (La. 1982). See also State v. Bing, 410 So.2d 227 (La.1982).
The trial judge did not comply with these guidelines, however, "a lack of compliance does not necessarily require that the sentences be set aside if the record otherwise clearly illumines the trial court's sentencing choice and demonstrates that the sentence is not arbitrary or excessive. State v. Jett, 419 So.2d 844 (La.1982). The trial judge stated in the sentencing proceeding that he had the pre-sentence investigation before him. An examination of the facts of this case and the pre-sentence investigation reveal a more than adequate factual basis for the sentence imposed.
Defendant contends that the trial court erred in sentencing defendant to an excessive length of imprisonment considering the information provided in the pre-sentence investigation.
A trial judge is not bound by any sentencing recommendation made in the pre-sentence investigation. The trial judge's statements during the sentencing proceeding along with an examination of the record show an adequate factual basis for the sentence imposed. See: State v. Bing, supra.
Where, as here, the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed appear in the record, either stated by the court at sentencing or obvious from examination of the record, a sentence should not be set aside as excessive unless there has been a clear abuse of discretion by the trial judge in the imposition of a sentence within the statutory limits. State v. Jones, 381 So.2d 416 (La. 1980).
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). "To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." State v. Brown, supra; State v. Bonanno, supra; State v. Beavers, 382 So.2d 943 (La.1980).
The maximum penalty for each of the six counts of theft is imprisonment with or without hard labor for not more than ten years. Under the circumstances we cannot find that a total sentence of nine years for *1285 six counts of theft is so grossly disproportionate to the crimes committed as to shock the sense of justice. We find no abuse of discretion by the trial judge.
The defendant asserts that the trial judge misread the pre-sentence investigation. The defendant does seem to be correct in his assertions that the trial judge misread the pre-sentence investigation.
The trial judge, in the belief that a conviction for a previous offense exists, states that he is prevented by law from giving the defendant a suspended sentence.
However it is not clear from the transcript of sentencing that the trial judge drew his reasons for sentencing solely from this mistake.
The judge had the entire pre-sentence investigation before him. The sentence imposed was well within his discretion as the trier of fact. Therefore, we find that any mistake as to previous convictions is harmless and does not affect the validity of the sentencing proceeding.
For the above and foregoing reasons the conviction and sentence imposed by the trial judge is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs. See my concurring opinions in State v. Goodman, 427 So.2d 529; State v. Vallare, 430 So.2d 1336; and State v. Rainwater, handed down this date, 457 So.2d 1280 (La.App. 1984).