491 So.2d 826 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jonathan TZUANOS, Defendant-Appellant.
No. CR86-127.
Court of Appeal of Louisiana, Third Circuit.
July 23, 1986.
Harold Van Dyke, III, Gravel & Van Dyke, Alexandria, for defendant-appellant.
G. Earl Humphries, R. Greg Fowler, Asst. Dist. Attys., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
*827 DOUCET, Judge.
Defendant, Jonathan Tzuanos, was charged by grand jury indictment with attempted second degree murder, in violation of La.R.S. 14:27 and 14:30.1. On September 18, 1985, a jury verdict of guilty of aggravated battery was returned. On December 16, 1985, the trial court sentenced the defendant to serve ten years at hard labor with the Department of Corrections. The defendant appeals his sentence and urges two assignments of error.

FACTS
On March 4, 1985, at approximately 11:00 P.M., Judith Kemp went to the trailer of her daughter and son-in-law, Sherry and Daniel Bartlett. She asked Daniel if he would check on his sister-in-law, Lisa, because she and her husband, the defendant, had a fight. Daniel left the trailer with three of his friends in one of their cars because Daniel's car was disabled. At approximately 11:30 P.M., they arrived at the home of defendant's parents where the defendant was staying and found Lisa and the defendant talking near her car. Daniel walked over to Lisa to find out if she was all right. He asked her if the defendant had hit her, but she did not respond. The defendant then approached Lisa and Daniel whereupon he and Daniel began arguing. A fight thereafter ensued which left Daniel on the ground with multiple stab wounds. The defendant went into his parents' home. Although different numbers of stab wounds are mentioned at trialDaniel told of sixteen, the neurosurgeon related nine, and the prosecution spoke of thirteenit is undisputed that the stabbing resulted in injuries to Daniel in the face, head, neck, shoulders, arms, and back. Daniel was then taken to Charity Hospital, and the defendant was subsequently charged with attempted second degree murder in connection with this incident.

ASSIGNMENT OF ERROR NUMBER 1
The defendant maintains in this assignment of error that the trial court erred in sentencing him without proper consideration of the sentencing guidelines provided in La.C.Cr.P. art. 894.1.
To assist the courts in imposing appropriate sentences, La.C.Cr.P. art. 894.1 was enacted. It provides sentencing guidelines: three factors weighing in favor of a sentence of imprisonment, or aggravating circumstances, and eleven factors weighing in favor of a probated or suspended sentence, or mitigating circumstances. Under La.C.Cr.P. art. 894.1, a trial judge, in sentencing, must state for the record those circumstances taken into account as well as the factual basis for a sentence imposed. State v. McDonald, 390 So.2d 1276 (La. 1980).
The requirements of La.C.Cr.P. art. 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory guidelines. State v. McDermott, 406 So.2d 195 (La.1981). The trial judge is not required to articulate every factor provided in article 894.1 so long as the record reflects that these factors were considered in particularizing the sentence to the defendant. State v. Morgan, 428 So.2d 1215 (La.App.3rd Cir.1983), writ den., 433 So.2d 166 (La.1983).
In sentencing the defendant, the trial judge made the following comments:
"... The acts and actions that you took on the night in question to me are absolutely inexcusable. I ... I've searched the depths of my mind and I can't figure out why you would have done what you did on the night in question and to your brother-in-law. Absolutely inexcusable. In fact, deplorable and horrible. You ... you ... thirteen times with a knife you should have killed him. Why he's alive today I don't know but he's crippled, crippled for the rest of his life.
You have no prior convictions. The only ones reflected in here I found out are not you, it's your brother that has the prior juvenile record. Your record is clean. The only thing I can say that you're fortunate about is the maximum that I can impose upon you and that's what I'm going to impose. The law will *828 not permit me to sentence you for any more than what I'm going to sentence you. I've taken everything into consideration; your ... your age, your prior record, your young wife, the fact I think she's expecting, but I would be doing an injustice to the victim in this matter if I were to impose a lesser sentence....." (Emphasis supplied.)
The trial judge's comments apparently indicate that he was aware of and considered the guidelines of La.C.Cr.P. art. 894.1, which is all that is required. State v. Johnson, 474 So.2d 36 (La.App.3rd Cir.1985); State v. Brian, 467 So.2d 878 (La.App.3rd Cir.1985).
Further, it should be noted that the lack of compliance with La.C.Cr.P. art. 894.1 does not necessarily require that the sentence be set aside "if the record otherwise clearly illumines the trial court sentencing choice and demonstrates that the sentence is not arbitrary or excessive." State v. Jett, 419 So.2d 844 (La.1982); State v. Martin, 400 So.2d 1063, on rehearing, 400 So.2d 1074 (La.1981); State v. Cox, 474 So.2d 523 (La.App.3rd Cir.1985); State v. Smith, 457 So.2d 1282 (La.App.3rd Cir. 1984). From the trial judge's comments stated above, it is apparent that the record does illumine the trial court's choice and, as will be discussed infra, demonstrates that the sentence was not excessive.
For the above reasons, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
In this assignment of error, the defendant contends that the trial court erred in imposing an unreasonable and excessive sentence.
The defendant was charged with attempted second degree murder, but the jury returned the responsive verdict of aggravated battery. The crime of aggravated battery is punishable by a fine of not more than $5,000.00, imprisonment with or without hard labor for not more than ten years, or both. Therefore, the ten year sentence imposed upon defendant, although the maximum, is within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant's right against excessive punishment. La. Const. Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La. 1979). While a trial court is given wide discretion in the imposition of sentence within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981); State v. Freeman, 474 So.2d 1035 (La.App.3rd Cir. 1985).
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). "To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." State v. Bonanno, supra.
The Supreme Court has stated that maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender. State v. Stucke, 419 So.2d 939 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). In the present case, the defendant stabbed the victim, his sister-in-law's husband, a number of times. The victim sustained stab wounds in the face, head, neck, shoulders, arms and back. Dr. Babson Fresh, a physician specializing in neurosurgery, testified that one of the lacerations in the neck penetrated the carotid artery and that the resulting injury "... very readily could have resulted in death...." In sentencing the defendant, the trial judge regarded the defendant's actions as "inexcusable ... deplorable and horrible."
From the above, it appears that the maximum sentence is appropriate in this case; thus, the sentence imposed on the defendant is not so disproportionate to the crime committed as to shock our sense of *829 justice. It, thus, cannot be seriously maintained that the trial judge abused his discretion in sentencing the defendant to ten years at hard labor.
This assignment of error is likewise without merit.
For the above reasons, the conviction and sentence of the defendant is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the result. As expressed and explained by me many times in the jurisprudence, I respectfully disagree with Sepulvado.