GUIDRY, Judge.
Defendant-appellant, Overton Broussard, was charged by a bill of information with attempted second degree murder, a violation of La.R.S. 14:27 and 30.1. Pursuant to a plea bargain agreement, Broussard pled guilty to the reduced charge of aggravated battery (R.S. 14:34). A pre-sentence investigation (PSI) report was ordered and, sub *1189 sequently, on March 21, 1986, the defendant was sentenced to ten (10) years at hard labor, the maximum confinement allowed under La.R.S. 14:34.
The defendant has appealed from his conviction and the sentence imposed assigning the following errors:
1. The trial court erred in imposing an excessive sentence unsupported by the record.
2. All errors patent on the face of the record.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error the defendant contends that the trial judge imposed an excessive sentence, which sentence is unsupported by the record.
The defendant, Overton Broussard, was originally charged with attempted second degree murder in connection with the stabbing of one John Bryant at approximately 10:00 p.m. on November 6, 1984, in Lafayette, Louisiana. A conviction on the charge of attempted second degree murder would have carried a penalty of imprisonment at hard labor for not more than fifty years. Thus, by his plea bargain, defendant’s sen-tencé exposure was greatly reduced. The situation of the defendant in this case closely parallels that of the defendant in a case recently decided by this court, State v. Tzuanos, 491 So.2d 826 (La.App.3rd Cir.1986). In addressing an alleged error of excessive sentence in the Tzuanos case, this court stated:
“The defendant was charged with attempted second degree murder, but the jury returned the responsive verdict of aggravated battery. The crime of aggravated battery is punishable by a fine of not more than $5,000.00, imprisonment with or without hard labor for not more than ten years, or both. Therefore, the ten year sentence imposed upon defendant, although the maximum, is within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La. Const.Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). While a trial court is given wide discretion in the imposition of sentence within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981); State v. Freeman, 474 So.2d 1035 (La.App.3rd Cir.1985).
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, supra.
The Supreme Court has stated that maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender. State v. Stucke, 419 So.2d 939 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981)....”
In the present case, the defendant admits having a prior felony record, but argues that his successful completion of two years of supervised probation in 1983 should mitigate in his favor.
The trial judge, in sentencing the defendant to the maximum prison term, stated:
“The Court has carefully studied the pre-sentence report and after considering the report as well as considering the corrections to the report which your attorney stated today, and after considering the provisions of Article 894.1, the Court makes the following findings ...:
That this is your third felony offense in which you have caused bodily harm to another person. Based therefore on your prior criminal record, the stabbing of the victim in this case, and your apparent utter disregard of the law or the property or safety of others, I find that you are an undue risk and that during any period of a suspended sentence that you would commit another crime.
*1190 I further find that you are definitely in need of correctional treatment or a custodial environment which can be provided most effectively by commitment to an institution, and that a lesser sentence would deprocate [sic] the seriousness of the crime.
... The Court finds that there were no substantial grounds tending to excuse or justify your conduct; that you have a history of violent crimes and that in the Court’s opinion, your criminal conduct in a violent manner is most likely to reoccur. For these reasons, I have sentenced you to ten (10) years at hard labor.” (Emphasis ours).
Considering the violent nature of the instant offense and defendant’s prior record of violent criminal conduct, we find no abuse of discretion in the trial judge imposing the maximum prison term in the present case. This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
We have carefully reviewed the proceedings in this matter for error patent on the face of the record. We have found none and therefore, conclude that this assignment of error is without merit.
Accordingly, for the reasons stated above, the conviction and sentence of the defendant are affirmed.
AFFIRMED.