532 So.2d 197 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
John STEVENS, Defendant-Appellant.
No. CR88-51.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
*198 John Crochet, Public Defender Office, Lake Charles, for defendant-appellant.
Richard Ieyoub, Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, KNOLL and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial judge sufficiently complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and whether the sentence imposed on the defendant is excessive.
On March 23, 1987, John Stevens (hereinafter defendant) was charged by bill of information with two counts of cruelty to a juvenile, in violation of LSA-R.S. 14:93. Defendant pled not guilty to each count on April 6, 1987. The defendant changed his plea on November 9, 1987, to guilty to each count. The trial court accepted defendant's guilty plea and deferred sentencing until after a pre-sentence investigation report could be completed. On December 28, 1987, defendant was sentenced to serve five years at hard labor on each count with both sentences to run concurrently. Defendant has timely appealed. We affirm.

FACTS
The following facts appear from defendant's statement in the pre-sentence investigation report. On February 4, 1987, defendant was looking after the victim, his daughter, Sharika, and a younger child, John, Jr., while his wife went to work in Eunice, Louisiana. Sharika was approximately 3½ years of age and John, Jr. was approximately 14 months old. At 4:00 to 4:30 P.M., defendant learned that the victim had soiled her clothes. He told her to undress while he ran water in the tub. He knew the water was too hot for her but allegedly did not contemplate the severity of possible burns. To teach her not to again soil her clothing, he picked her up under her legs and back and dipped her buttocks into the water. The child screamed and he left her in the water for 15 to 30 seconds. Defendant put ointment on the resultant burn but it worsened. Telling his wife the burn was accidental, he called the doctor the next day and told him of the burn and that it removed a layer of skin, and the doctor recommended an over the counter ointment. The salve was ineffective and, on February 7, defendant and his wife brought the child to Moss Regional Hospital. He and his wife decided to tell the doctors and officials that the girlfriend of defendant's brother had been bathing the victim when another child accidentally turned on the hot water. Deputies doubted the story due to the fact that the burns did not extend past the calf. Defendant insisted the story was true and agreed to a polygraph examination. After being told that he failed the polygraph test, he confessed and gave a statement setting forth these facts.
Defendant was charged by Bill of Information with two counts of cruelty to a juvenile. The first count charged the defendant with cruelty by the infliction of second and third degree burns on his minor child, Sharika, and the second count charged the defendant with cruelty by not seeking medical treatment for his minor child, Sharika, until four days after he had inflicted the burns.
*199 Defendant pled guilty to each count and was sentenced to serve five years at hard labor on each count with both sentences to run concurrently. Defendant appeals his sentence urging two assignments of error. We affirm.
ASSIGNMENTS OF ERROR NUMBERS 1 and 2
Defendant argues in his two assignments of error that the trial judge did not sufficiently comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1 and that the sentence imposed on him was excessive.
A trial judge is required to state for the record both the considerations he has taken into account and their factual basis when imposing sentence. La.C.Cr.P. Art. 894.1; State v. Duncan, 420 So.2d 1105 (La.1982); State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Pollard, 438 So.2d 1208 (La.App. 3 Cir.1983), writ denied, 443 So.2d 1125 (La. 1984); State v. Tully, 430 So.2d 124 (La. App. 2 Cir.1983), writ denied, 435 So.2d 438 (La.1983).
While a sentencing judge is not required to recite all aggravating and mitigating factors set forth in La.C.Cr.P. Art. 894.1, the record must reflect that the sentencing court adequately considered the guidelines. State v. Quebedeaux, 424 So. 2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983). The important elements which must be considered are the defendant's personal history, prior criminal record, seriousness of the particular offense, and likelihood of rehabilitation or recidivism. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
The trial judge in this case set forth the basic facts at sentencing. He apparently placed great weight upon the seriousness of the offense and the severity of the injury as evidenced by his remarks about the photographs of the victim's injuries which graphically evidence the second and third degree burns inflicted on the child. The trial judge also stated that the Child Protection Agency felt that Sharika will be physically and emotionally scarred for life because of the abuse she received from the defendant. The trial judge reviewed defendant's criminal record which consisted of one misdemeanor conviction for interfering with the duties of a police officer, resulting in a fine and probation, along with a nolle prosequied charge for resisting an officer.
The trial court also considered two prior episodes of abuse by the defendant upon the victim, each resulting in the victim being temporarily removed from defendant's care, but later being returned to his care against the Child Protection Agency's recommendation. The first incident occurred around October 25, 1984, when the victim was beaten with a belt resulting in two black eyes, bruises on the chest, legs, back and buttocks, swelling of the left arm, and a lump on the forehead. A heating pad was placed on the forehead by defendant for fifteen to twenty minutes which caused second degree burns and required treatment at a hospital.
On June 3, 1985, defendant again hit the victim with a belt on her arm, back, legs and buttocks, and caused a swelling of her arm. This abuse reportedly occurred because the victim wanted to sleep in the car on a trip to Arkansas and she was hit to keep awake. Hospitalization from June 3, 1987, to June 7, 1987 was necessary. In both incidents, the defendant had left the local area upon the return of his child without notifying the Child Protection Agency or leaving a forwarding address as he had been requested.
The trial court interpreted the pre-sentence investigation report to contain no mitigating factors other than his pastor writing that defendant has changed positively and his counselor's statement that defendant himself was a victim of child abuse, resulting in his inability to deal with his emotions. The court recognized that the counselor felt that defendant had changed for the better and could finish his counseling program by submitting to a year of intensive counseling, although she could not state that personal therapy was all he needed.
*200 Some positive personal factors contained in the pre-sentence investigation were not mentioned. Defendant has an honorable discharge from active service in the military where he achieved a grade of E-4 and a rank of Specialist 4. He is now a finance clerk with the United States Army Reserve. Defendant was unemployed at the time of the abuse of the victim, but had recently been employed at Boeing as an aircraft mechanic. He has also regularly attended the Refugee Temple Holiness Church whose pastor praised him.
The court considered the likelihood of rehabilitation, but was of the opinion that the behavior was likely to recur despite counseling with the defendant. Defendant's attorney argued at the sentencing hearing that removal of the child, Sharika, from the defendant was sufficient to prevent abuse of the child by the defendant in the future. However, the court noted that the defendant still had another minor child in his custody, at least temporarily, which would also warrant defendant's incarceration to protect that minor child, in addition to the punishment purposes of the sentence.
Whether technical compliance with C.Cr. P. Art. 894.1 is achieved is not dispositive of the need to remand for compliance with the article. The purpose of Art. 894.1 is to facilitate appellate review of the trial court's sentencing discretion. Therefore, where the record illumines and supports the sentencing choice, remand is unnecessary and the sentence will not be vacated. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982); State v. Smith, 457 So.2d 1282 (La.App. 3 Cir.1984). Where the record reflects an adequate basis for the sentence imposed, remand for further delineation of reasons by the trial court is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982). In this case, the pre-sentence report and the trial judge's oral reasons contained sufficient information to provide for a sentence review for possible excessiveness of sentence.
For these reasons we find no merit in the defendant's assignment of error that the trial court did not comply with the sentencing guidelines.
The Louisiana Constitution of 1974 Art. 1 § 20 prohibits the imposition of cruel, unusual or excessive sentences. Even a sentence which is within the statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the offense and nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Winzer, 465 So.2d 817 (La.App. 2 Cir.1985).
LSA-R.S. 14:93 provides for a penalty of not more than ten years at hard labor and not more than a $1,000.00 fine. The defendant thus could have received a maximum sentence of twenty years and a $2,000.00 fine, but was only sentenced to five years on each count to run concurrently. This sentence was in the lower range of the permissible sentence.
The defendant asserts that the two concurrent five year sentences were excessive considering his background and the nature of the offense. Defendant also maintains that probation is warranted in this case because he has had no other problems with the law except for a five year old charge of interfering with a police officer and that society's interest in protecting children would be better served by allowing him to remain in counseling rather than by incarceration.
Like the trial court, we find that a lesser sentence would deprecate the seriousness of the offense and that probation is not warranted because of the defendant's past conduct. According to the records in the Child Protection Agency, defendant has demonstrated a total lack of desire to cooperate with state and local agencies who have attempted to monitor defendant's conduct and protect the child's well being in the past. Defendant has repeatedly moved and not left forwarding addresses when the child has been returned to his custody after prior acts of child abuse. Furthermore, Ms. Debbie Drake, defendant's present counselor at the Lake Charles Family *201 & Youth Counseling Center, noted that, although defendant has made progress, he has been resisting treatment and goes to counseling only because he has been required to do so.
Defendant's reluctance to deal with his problem and the reprehensible nature of the injuries inflicted on his own child lead us to conclude that the sentence imposed is not excessive or so grossly disproportionate to the severity of the offense as to shock our sense of justice. There appears to be no abuse of discretion on the part of the sentencing judge. We, therefore, conclude the assignment of error claiming an excessive sentence is also without merit.
For the reasons assigned, defendant's sentences are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.