KNOLL, Judge.
Defendant, Janice Stevens, pleaded guilty to cruelty to a juvenile, a violation of LSA-R.S. 14:93. She was sentenced to serve 3 years in the Department of Corrections, which was suspended and defendant was placed on 3 years supervised probation; as a special condition of probation, defendant was required to serve 6 months in the parish jail and 60 eight hour days of community service activities. Defendant was ordered to pay $10 a month supervision fee and costs of court. Defendant appeals her sentence alleging that: (1) the court failed to comply with the sentencing guidelines provided by LSA-C.Cr.P. Art. 894.1; and, (2) her sentence is cruel, unusual and excessive.[1] We affirm.
On February 4, 1987, defendant left for work leaving her two minor children, Shari-ka, approximately 3½ years of age, and John, Jr., approximately 14 months, with her husband, John Stevens. She returned from work at approximately 5:20 p.m. to find that Sharika had been severely burned on her buttocks, upper rear thighs and inner legs. Defendant called the druggist to see what she could use for the burns. The druggist recommended Neosporin, and defendant treated the burns with Neospo-rin for three or four days before taking Sharika to the hospital. After an investigation by the Calcasieu Parish Sheriffs Office, Mr. Stevens admitted to submerging Sharika in a bathtub of, hot water for 15-30 seconds, resulting in second and third-degree burns to the child. Mr. Stevens submerged Sharika in the hot water because she had soiled her pants. This was the third time Sharika was physically abused.
LSA-C.Cr.P. Art. 894.1 provides criteria to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d. 735 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So. 2d 1027 (La.1982).
The maximum sentence for cruelty to a juvenile is a fine of not more than $1,000 or imprisonment with or without hard labor for not more than 10 years, or both. Defendant’s sentence falls within the statutory limits. However, even a sentence which falls within the statutory limits may violate defendant’s right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentenc *549 ing court’s reasons for imposition of a sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
In imposing sentence, the judge stated: “This is a third removal of the children from your home and from you because of the abuse inflicted on the child. Now, this is not a one-time occurrence, as might be indicated by the statements that have been made to me both by you and by your attorney and by your husband. I cannot accept this as a first time that anything like this has happened, and that you stood by and allowed it to happen, as in the other instances. Whereas, in this instance, of course, you didn’t allow it to happen, you weren’t there, but then refraining, what was it, four days or something, from taking the child to the doctor for medical treatment.
* * * * * *
This is inexcusable. The child, apparently, has no one to protect her if the authorities don’t do something, you know, to protect her ... I think any lessor sentence than that would certainly deprecate the seriousness of the crime. You have some punishment coming to you. This child has been mistreated at least on three different — Well, of course, the first time, it says that there were four instances of abuse when the child was removed from your home. I cannot allow that to go by without some degree of punishment, and this is the minimum punishment that I can accept as being a reasonable punishment.”
Defendant did not raise an objection to the sentence at the time of sentencing. However, no formal, contemporaneous objection at the time of sentencing is necessary to preserve the right of review of a sentence. State v. Grey, 408 So.2d 1239 (La.1982).
The record shows that before the imposition of sentence, the sentencing court considered the statement of defendant’s husband, who was also a codefendant in this case, and advised the court that the defendant was not at home when the child was injured and his wife did not think the injury was as serious as it was. Also, the court considered a letter written on behalf of defendant by Refuge Temple, Inc. As can be seen from the court’s sentencing comments, it was gravely concerned that this offense constituted the third time that Sharika was physically abused and the mother, defendant herein, “stood by and allowed it to happen.” The abuses Sharika suffered were grave and heinous. The State agencies were working with both parents to try to get them to improve and inspite of the State’s efforts, defendant failed to protect her child and waited three days before taking her child for proper medical treatment for second and third-degree burns. We find defendant’s attitude toward protecting her child very poor. From defendant’s failure to respond to the abuse of her child, it is apparent she is more concerned in protecting her husband at the risk of her child.
The sentencing court has wide discretion in sentencing matters and the sentencing choice should not be disturbed absent an abuse of discretion. The sentencing court felt that defendant’s sentence “is the minimum punishment that I can accept as being a reasonable punishment.” LSA-R.S. 14:93 provides for a penalty of not more than 10 years at hard labor and not more than a $1,000 fine, or both. Defendant received a suspended sentence of 3 years, with 3 years supervised probation, and as a special condition of probation, to serve 6 months in the parish jail and 60 eight hour days of community service. This sentence is in the lower range of the permissible sentence. After a careful review, we find that the record fully supports the sentencing choice and that the sentencing court followed the guidelines of LSA-C.Cr.P. Art. 894.1. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence particularized to defendant and not so disproportionate to the crime committed as to shock our sense of justice. Therefore, we conclude that defendant’s sentence is not constitutionally excessive.
*550 DECREE
For the foregoing reasons, the sentence of defendant, Janice Stevens, is affirmed.
AFFIRMED.

. The companion case can be found at State of Louisiana v. John Stevens, 532 So.2d 197 (La. App. 3rd Cir.1988).