KNOLL, Judge,
dissenting.
For the following reasons, I respectfully dissent, finding the sentence excessive.
The sentencing court did not articulate any reason for sentence under Art. 894.1. The sentencing court’s articulation of reasons in imposing sentence as required by Art. 894.1, is an important aid to this court in reviewing an allegedly excessive sentence. State v. Davis, 449 So.2d 452 (La. 1984); State v. Telsee, 425 So.2d 1251 (La. 1983); State v. Sepulvado, supra.
As shown in the presentence report, defendant is thirty-five years of age, has two children, and is employed as a waitress. It is also clear that the four pairs of boy’s jeans taken by defendant and her accomplice were returned to Sears at the time of defendant’s arrest. Moreover, the record establishes that although the presentence investigation shows that defendant had four California convictions within a six month period in 1972,[1] the sentencing court repeatedly commented for the record that it would not consider those convictions because they were so far removed in time from the present offense. Furthermore, the defendant received a favorable presen-tence report conditionally recommending probation. Although the sentencing court was not bound by the sentencing report, in light of the facts surrounding defendant’s shoplifting activity, and the remoteness of previous convictions, in my view, the recommendation should have been seriously considered. See State v. Bing, 410 So.2d 227 (La.1982). In addition, I find it important to note that defendant’s plea of guilty in the present case constituted a plea to the charged offense. We are not presented with a case where defendant’s sentencing exposure was reduced by pleading to a lesser offense. Likewise, I have also considered whether defendant’s contemporaneous sentencing on the unrelated charge of possession of four pills containing a controlled dangerous substance should be weighed in our evaluation of the excessiveness of the present sentence. In reviewing this issue, the record is clear that defendant’s guilty pleas to these offenses were entered separately and the sentencing choices were independently made. I found no justification on the record for the two year sentence defendant received for her possession of four pills containing butalbi-tal, a Schedule III drug.

. The 1972 convictions are for theft, criminal contempt, possession of a controlled substance for sale, possession of a controlled substance, and contributing to the delinquency of a minor.